UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>MICHAEL PATRICK WHALEN,<br><br>                                    Defendant. | Case No.:  13-CR-697-GPC<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br><br>[ECF No. 59] |

## I. INTRODUCTION

On October 11, 2013, Michael Patrick Whalen ("Defendant") was sentenced to a custodial term of 140 months for convictions for possession with intent to distribute methamphetamine and being a felon in possession of firearms and ammunition. (ECF No. 57.)  Defendant originally received a downward departure based on mitigating circumstances (§ 5K2.0).  In 2014, the United States Sentencing Commission promulgated Amendment 782 ("Drugs Minus 2"), which, effective November 1, 2014, lowered the base offense levels for most drug quantities in USSG § 2D1.1(c), and made this change retroactive via Amendment 788.  *See also* USSG § 1B1.10(c).

On April 2, 2015, Defendant, proceeding pro se, filed a Motion for Appointment of

Counsel to aid him in filing a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c). (ECF No. 59.) On April 3, 2015, the Court provisionally appointed Federal Defenders of San Diego, Inc. ("FDSDI") to represent Defendant. (ECF No. 60.) FDSDI did not subsequently file a motion for reduction of sentence. Given this set of circumstances, the Court will construe Defendant's Motion for Appointment of Counsel as a Motion for Reduction of Sentence.

Finding that Defendant's current sentence is below the low-end of the amended guideline range, the Court **DENIES** Defendant's Motion for Reduction of Sentence.

## II. DISCUSSION

**A. Modification of Sentence Under 18 U.S.C. § 3582(c)**

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to that rule lies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for most drug offenses by reducing the offense level in the § 2D1.1 Drug Quantity Table by two levels. In Amendment 788, the Sentencing Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

In *Dillon v. United States*, 560 U.S. 817, 826-27 (2010), the Supreme Court set forth a two-step inquiry for assessing a motion for reduction of sentence under § 3582(c). *Id.*

At step one, § 3582(c)(2) requires the court to follow the Commission's

instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."

\* \* \* \* \* \* \* \*

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

**B. Determination of Amended Guideline Range**

Under § 1B1.10, a defendant is eligible for a sentencing modification when an amendment listed in § 1B1.10(d) lowers "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 n.1(A). Section 1B1.10(b)(2) confines the extent of the reduction authorized. Once the Court determines the amended guideline range, it "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A). The only exception to this prohibition applies if the defendant previously received a downward departure "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." In that case, the Court may apply "a reduction comparably less than the amended guideline range." *Id.* § 1B1.10(b)(2)(B).

As Amendment 782 is listed in § 1B1.10(d), the Court must determine the "amended guideline range" that would have been applicable to the defendant had Amendment 782

been in effect at the time of the sentence. USSG § 1B1.10(b)(1). Determination of the "amended guideline range" is at the heart of the disagreement between the parties in this case. Defendant has calculated the "amended guideline range" by including a reduction for mitigating circumstances.

Defendant's position is premised on a version of § 1B1.10 that was in effect prior to November 1, 2011. It provided that, if the defendant originally received a below-Guidelines departure or variance, a comparable departure "may be appropriate" when granting a sentence reduction under § 3582(c)(2), while a comparable variance "generally would not be appropriate." *See* USSG § 1B1.10(b)(2)(B) (2010). As of November 1, 2011, the Sentencing Commission amended § 1B1.10 so that only a defendant who previously received a downward departure based on cooperation can obtain a reduction below the amended guideline range. (ECF No. 46 at 5.) The Commission imposed a "single limitation applicable to both departures and variances" in order to "avoid unwarranted sentencing disparities" and "undue complexity and litigation." *See* Notice of Final Action Regarding Amendment to Policy Statement 1B1.10, 76 Fed. Reg. 41332, 41332, 41334 (July 13, 2011).

Note 1(A) to § 1B1.10 specifically states that the amended guideline range "is determined before consideration of any departure provision in the Guidelines Manual or any variance." § 1B1.10 n.1(A) (emphasis added). A commentary provision—such as Application Note 1, "which functions to interpret a guideline or explain how it is to be applied"—is binding as long as the Commentary does not conflict with the Constitution, a federal statute, or the guideline at issue. *Stinson v. United States*, 508 U.S. 36, 42-43 (1993) (internal quotation marks and alterations omitted). Thus, the Court may not factor in a "fast-track" or any other departure into the amended guideline range unless an exception exists.

The exception to this rule is found in § 1B1.10(b)(2)(B). Under § 1B1.10(b)(2)(B),

reductions "comparably less than the amended guideline range" are permitted only in cases where the original term of imprisonment was below the applicable guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). Every circuit court that has addressed the issue agrees that § 1B1.10(b)(2)(B) bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government. *See United States v. Berberena*, 694 F.3d 514, 518-19 (3d Cir. 2012); *United States v. Anderson*, 686 F.3d 585, 588 (8th Cir. 2012); *United States v. Glover*, 686 F.3d 1203, 1207 (11th Cir. 2012); *accord United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013); *United States v. Lizalde*, 502 Fed. Appx. 655, 657 (9th Cir. 2012) (unpublished); *United States v. Beserra*, 466 Fed. Appx. 548, 550 (7th Cir. 2012) (unpublished).

A motion for downward departure based on mitigating circumstances is not a motion for substantial assistance. Unlike a substantial assistance motion, it does not require "substantial assistance in the investigation or prosecution of another person." In addition, Note 3 to § 1B1.10 omits a § 5K2.0 motion as one for substantial assistance. Note 3 specifically provides that "[t]he provisions authorizing such a government motion are § 5K1.1; (2) 18 U.S.C. § 3553(e); and (3) Fed R. Crim. P. 35(b)." *Id.* n.3. Further, a defendant's "amended guideline range" does not incorporate previously granted variances pursuant to 18 U.S.C. § 3553(a)(1) as they also do not qualify as "substantial assistance departures."

Ultimately, the Commission decided to impose a "single limitation applicable to both departures and variances" in order to "avoid unwarranted sentencing disparities" and "undue complexity and litigation." *Hogan*, 722 F.3d at 61. This decision limits the number of defendants who will be able to obtain relief under § 3582(c)(2) in light of the guideline amendments. The First Circuit has commented that they are "troubled by the extent to

which the amended policy statement and Application Notes severely limit the number of defendants . . . who will be able to obtain relief" but recognize that "in these instances the district court's hands [are] tied." *Id.* at 63.

The present case involved possession with intent to distribute 1.25 kilograms of methampthetamine (actual).  Under the guidelines in effect at the time of sentencing and the terms of the plea agreement, the base offense level was level 34.  The Court increased the guidelines by 1 level for the other count of being a felon in possession of firearms and ammunition, and reduced the guidelines by 3 levels for acceptance of responsibility (§ 3E1.1(b)).  The Court found that the adjusted offense level was 32, the Criminal History Category was VI, and the applicable guideline range was 210-262 months. The Court then departed 4 levels for mitigating circumstances (§ 5K2.0) and sentenced the Defendant to 140 months.

Applying the amended base offense level provided by Amendment 782, and taking into account the 2 level reduction adopted from the plea agreement, the base offense level is 32. Leaving all other guideline application decisions unaffected and removing departures and variances results in an increase of 1 level for the combined offense and a reduction by 3 levels for acceptance of responsibility (§ 3E1.1(b)). The adjusted offense level is 30, the Criminal History Category is VI and the applicable guideline range is 168-210 months. In the instant case, Defendant received a below-guideline sentence based on mitigating circumstances, not substantial assistance to the government.  To obtain relief under § 3582(c), the guideline amendments at issue must "lower[]" a defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range").  Here, they do not.  Defendant's amended guideline range is 168 to 210 months and Defendant received a below-guideline sentence

of 140 months.  Since the lower limits of the amended guideline range is higher than the original sentence, Defendant is ineligible for modification of their sentence.

Accordingly, the Court **DENIES** Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION AND ORDER

Based on the reasons stated above, Defendant's Motion for Reduction of Sentence (ECF No. 59) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 2, 2015

Hon. Gonzalo P. Curiel
United States District Judge